In re Petition for REINSTATEMENT to the Practice OF Law of Richard A. Hooks WAYMAN, Registration No. 235830.

No. A11–0786.

Supreme Court of Minnesota.

Sept. 20, 2011.

### ORDER

Petitioner Richard A. Hooks Wayman was admitted to practice law in the State of Minnesota in May 1993. In 2006, petitioner accepted employment as a policy analyst with a nongovernmental organization in Washington, D.C., and in 2008 resigned from the Minnesota bar. In April 2010, petitioner filed a petition for reinstatement pursuant to Rule 18(a), Rules on Lawyers Professional Responsibility (RLPR). The Director of the Office of Lawyers Professional Responsibility investigated the matter and reported his conclusions to a panel of the Lawyers Professional Responsibility Board, pursuant to Rule 18(b), RLPR.

After considering the submissions of the parties, the panel found that petitioner has proven by clear and convincing evidence his ethical fitness and competence to practice law and has met all of the conditions for reinstatement, except that petitioner is not current with continuing legal education requirements. The panel recommends that petitioner be reinstated to the practice of law in Minnesota and be placed on voluntary restricted status until such time as petitioner becomes current with continuing legal education requirements. Petitioner accepts the panel's recommendation.

The court has independently reviewed the file and approves the panel's recommendation.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that petitioner Richard A. Hooks Wayman is reinstated to the practice of law in Minnesota, subject to payment of the applicable registration fee under Rule 2, Rules of the Supreme Court on Lawyer Registration. Petitioner is placed on voluntary restricted status, as defined in Rule 12B of the Rules of the Minnesota State Board of Continuing Legal Education (CLE Rules) and shall remain on voluntary restricted status until such time as petitioner complies with Rule 12C of the CLE Rules (pertaining to transfer from restricted to active status).

BY THE COURT

/s/Alan C. Page
Associate Justice